

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WAYNE ANTHONY TURNER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-073-A |
| | § | (NO. 4:12-CR-195-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for decision the motion of Wayne Anthony Turner ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:12-CR-195-A, styled "United States of America v. Wayne Anthony Turner, et al.," the court has concluded that such motion should be denied.

I.

Background

Information contained in the record of Case No. 4:12-CR-195-A discloses the following background that is potentially pertinent to the ground of movant's motion:

On September 12, 2012, movant was named, along with two others, in a two count indictment. Movant was charged in Count

One with possession of counterfeit securities in violation of 18 U.S.C. §§ 513(a) and 2. Dkt. 1. Attorney J. Steven Bush was appointed to represent movant, Dkt. 10, but he later filed a motion to withdraw. Dkt. 17. By order signed September 28, 2012, Ricardo De Los Santos ("Ricardo") was appointed to represent movant. Dkt. 28.

On October 19, 2012, movant appeared with Ricardo for rearraignment. Dkt. 113. Movant testified that he had read and understood the indictment, 14:21-15:1. Further, he had read and understood the factual resume, which he had executed after discussing it with his attorney. 15:5-24. The court explained the penalties to which movant would be subjecting himself and movant acknowledged all of those penalties and punishments. 17:2-25. Movant testified that he was satisfied with the representation provided by his attorney, Ricardo, and that he had no complaint about him. 18:4-10.

By order signed February 11, 2013, the court gave notice of its tentative conclusion that movant should receive a sentence of imprisonment significantly above the top of the advisory guideline range. Dkt. 73. On February 15, 2013, movant appeared for sentencing with attorney Rey De Los Santos ("Rey"), son and law partner of Ricardo. Dkt. 114. Rey presented objections to the court's tentative conclusion regarding the sentence, urging that

the guidelines adequately took into account movant's position. He brought to the court's attention the nature and timing of movant's earlier convictions, movant's need for drug rehabilitation, and family needs. Dkt. 114, 6:14-8:14. Given an opportunity to speak on his own behalf, movant simply apologized. 8:22-9:1. The court then gave a lengthy and explicit explanation of the conclusion that a sentence at the top of the advisory guideline range should be imposed. 9:4-13:8. In sum, the court concluded that movant's criminal history category did not adequately represent the nature and extent of his past criminal conduct, which indicated movant's danger to society. 11:13-22. In the alternative, reviewing the sentence as a departure under the guidelines, the court had reliable information that movant's criminal history category substantially underrepresented the seriousness of his criminal history and the likelihood movant would commit other crimes. An upward departure to a Criminal History Category of VI would put movant in the same sentencing range. 12:5-13:8. Thus, movant was sentenced to a term of 120 months. 13:9-11; Dkt. 82.

After the sentencing hearing, the court realized that Rey, rather than Ricardo, had appeared on behalf of movant. The court sought an explanation from Ricardo, who took full responsibility for allowing Rey to appear at the sentencing. By order dated

February 22, 2013, the court appointed Danny Burns to inform movant of the facts and to consult with him regarding any action movant might wish to take in response. Dkt. 86. Movant filed his notice of appeal. Dkt. 84. Then Ricardo sought a stay, which the Fifth Circuit temporarily granted so that he could seek a stay in the district court. Dkt. 90.

On February 28, 2013, Ricardo filed a motion for stay in the district court. Dkt. 92. The first portion of the motion contains Ricardo's affidavit regarding the events surrounding the sentencing. It is consistent with movant's admission that he met several times with both Rey and Ricardo to discuss his case. Dkt. 104, 2-3. The affidavit explains that Ricardo and Rey work together on their cases; that each had visited with movant regarding movant's case; that Ricardo and Rey had considered and discussed the court's order regarding intent to sentence above the guidelines; and that Rey had mistakenly appeared at the sentencing. Dkt 92, 6-7. The court denied the motion for stay. Dkt. 101. The Fifth Circuit likewise denied Ricardo's petition for writ of mandamus. Dkt. 105.

There followed a series of filings and letters of which the court made the Fifth Circuit aware. Dkt. 106, 107, 110, 112, and 115. In addition, Ricardo filed many of the same papers, and

4

others, with the Fifth Circuit. <u>In re Ricardo De Los Santos</u>, No. 13-10209. Ultimately, the Fifth Circuit denied any relief. <u>Id.</u>

As for the appeal, the Fifth Circuit issued its opinion denying relief on May 27, 2014. <u>United States v. Turner</u>, 569 F. App'x 225 (5th Cir. 2014).

## II.

### Grounds of the Motion

Movant urged in the motion, which he filed January 30, 2015, two ineffective-assistance-of-counsel claims and one claim of violation of double jeopardy, along with supporting facts, worded as follows:

> **GROUND ONE:**
> DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.
> **SUPPORTING FACTS:**
> COUNSEL ABANDONED PETITIONER AT SENTENCING. SUBSTITUTE COUNSEL WAS NOT APPROVED OF BY PETITIONER OR THE COURT BEFOREHAND.

Dkt. 1 at 7.[1]

> **GROUND TWO:**
> CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY OR WITH UNDERSTANDING OF THE NATURE OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA.
> **SUPPORTING FACTS:**
> COUNSEL FAILED TO ADEQUATELY REPRESENT PETITIONER WHERE HE HAS OPENLY ADMITTED THAT HE FOSTERED PETITIONER OFF TO HIS SON/LAW PARTNER, ALL WITHOUT PETITIONER'S KNOWLEDGE AND/OR CONSENT. PETITIONER ENTERED INTO A PLEA AGREEMENT WITHOUT FULL KNOWLEDGE OF IT'S [sic] RAMIFICATIONS OR CONSEQUENCES.

---

[1] Unless otherwise indicated, the "Dkt. __" references will be to the numbers assigned to the filed items on the clerk's docket in Case No. 4:15-CV-073-A.

<u>Id.</u>

> **GROUND THREE:**
> CONVICTION OBTAINED BY A VIOLATION OF THE PROTECTION AGAINST DOUBLE JEOPARDY.
> **SUPPORTING FACTS:**
> THE DISTRICT COURT USED PETITIONER'S PRIOR CONVICTIONS TO INCREASE THE PRESCRIBED RANGE OF PUNISHMENT, EVEN AFTER THOSE CONVICTIONS WERE TAKEN INTO ACCOUNT IN REACHING AN APPROPRIATE RANGE OF PUNISHMENT.

<u>Id.</u>

The motion was accompanied by an eight-page supporting memorandum in which movant elaborated on the bases for his grounds for relief.

### III.

### Analysis

A.   <u>Legal Standard for 28 U.S.C. § 2255</u>

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033,

6

1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. <u>Legal Standard for Ineffective Assistance of Counsel Claim</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>See also</u> <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562 U.S. 86 (2011), and a movant must prove that counsel's errors "so

undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

C. <u>Movant Has Failed to Meet the *Strickland* Ineffective-Assistance-of-Counsel Standard as to Either of His Complaints</u>

   1.   <u>Alleged Abandonment at Sentencing</u>

Movant first contends that he was denied effective assistance of counsel because he was not represented at sentencing by the attorney who was assigned by the court to represent him. His complaint is that Rey was only "familiar" with, and had no "intimate knowledge" of, his case. Dkt. 139 at 14. He relies on cases where counsel was wholly absent at sentencing. See, e.g., United States v. Souder, 782 F.2d 1534 (11th Cir. 1986). Of course, that is not the case here. Movant

was represented and objections (showing more than mere familiarity) were made, as recited supra. Moreover, even had the objections been more eloquently made, there is no likelihood that the result would have been different. That is because the Fifth Circuit has determined that movant's sentence did not suffer from procedural error and was not substantially unreasonable. 569 F. App'x at 225-26. Movant's attempt to re-litigate those issues under the guise of ineffective-assistance-of-counsel is inappropriate. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)(issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions); see also, Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979)("[t]he appellate process does not permit reruns" by way of renewing claims resolved on direct appeal through collateral attack).

2. The Complaint that Counsel Failed to Adequately Advise Movant Re His Plea of Guilty

In his second ground, movant complains that, because he was "fostered" off by Ricardo to Rey, movant entered into a plea agreement[2] without full knowledge of its ramifications or consequences. Dkt. 139 at 7. This claim is belied by the

---

[2] As noted at movant's sentencing, there was no plea agreement in this case, just a plea by factual resume. Dkt. 114, 5:19-6:5.

9

transcript of the rearraignment hearing at which movant appeared with Ricardo. Dkt. 113. Specifically, movant was aware that he faced a maximum sentence of ten years and that is what he received.

D. <u>The Alleged Double Jeopardy Violation</u>

In his third ground, movant asserts that his conviction was obtained by a violation of the protection against double jeopardy, because the court used his prior convictions to increase the range of punishment. This ground was raised and rejected on appeal and cannot be pursued here. <u>Kalish</u>, 780 F.2d at 508.

## IV.
## Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 6, 2015.

_____
JOHN McBRYDE
United States District Judge